# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTA WILLIAMS as Independent Administrator to collect for the Estate of DONTRELL TAQUON MUNDINE-WILLIAMS, deceased, | ) ) ) ) | |
| Claimant, | ) ) ) | |
| v. | ) | No. |
| STATE OF ILLINOIS, a body politic Individually and through its agents and employees; ILLINOIS DEPARTMENT OF CORRECTIONS individually, through its agents and employees, and as a department, division, and/or government agency of the State of Illinois; and JOHN R. BALDWIN individually, as Director of the ILLINOIS DEPARTMENT OF CORRECTIONS individually, through the agents and employees of the Illinois Department of Corrections; WEXFORD HEALTH SOURCES, INC. individually and through its agents and employees; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMANDED** |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JEANETTA WILLIAMS as Independent Administrator to Collect for the Estate of DONTRELL TAQUON MUNDINE-WILLIAMS, deceased, by and through her attorneys, POWER ROGERS & SMITH, LLP, complaining of Defendants, STATE OF ILLINOIS, a body politic individually and through its agents and employees; ILLINOIS DEPARTMENT OF CORRECTIONS individually, through its agents and employees, and as a department, division, and/or government agency of the State of Illinois; and JOHN R. BALDWIN individually, as Director of the ILLINOIS DEPARTMENT OF CORRECTIONS individually, through the agents and employees of the Illinois Department of Corrections (collectively hereinafter STATE OF ILLINOIS) and WEXFORD HEALTH SOURCES, INC. individually and through its agents and employees, states as follows:

## JURISDICTION and VENUE

1. This Court has jurisdiction over this matter because it involves federal questions concerning the violation of the Constitutional Rights and related Statutes including, without limit, the Eighth Amendment 28 U.S.C. §1331 and 1343. This Court has jurisdiction over Plaintiffs state law claims under pendent jurisdiction.

2. The at least some of the harm related to claims asserted herein arose in the area encompassed by the United States District Court for the Northern District of Illinois, and venue is therefore proper under 28 U.S.C. §1391(b).

## COUNT I

3. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, the STATE OF ILLINOIS was a body politic organized under the constitutions of the Unites States of America and the State of Illinois.

4. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, the ILLINOIS DEPARTMENT OF CORRECTIONS was a department within the State of Illinois that is responsible for overseeing the management and operations of more than 35 Illinois state prisons, work camps, boot camps and transition centers as well as the supervision of parolees, including the Lawrence Correctional Center.

5. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, the ILLINOIS DEPARTMENT OF CORRECTIONS was a department within the State of Illinois that is responsible for the supervision, health, welfare and safety of individuals detained in the Lawrence Correctional Center including DONTRELL TAQUON MUNDINE-WILLIAMS.

6. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant JOHN R. BALDWIN was the Director of the Illinois Department of Corrections.

7. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, had a date of birth of March 19, 1996, was a resident domicile of Cook County Illinois and was being detained in Lawrence Correctional Center with an expected release date in February 2018.

8. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, JEANETTA WILLIAMS was the mother of DONTRELL TAQUON MUNDINE-WILLIAMS and was a resident of Cook County, Illinois. On November 29, 2018, she was appointed as the Independent Administrator to Collect by the Circuit Court of Cook County Illinois.

9. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, detention began in May of 2017 due to a parole violation.

10. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS was under the actual care, custody and control of the Defendant, STATE OF ILLINOIS, individually and through its agents and employees.

11. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS was under the actual care, custody and control of the Defendant, STATE OF ILLINOIS, individually and through its agents and employees, and therefore, the Defendant, STATE OF ILLINOIS, individually and through its agents and employees were responsible for DONTRELL TAQUON MUNDINE-WILLIAMS'S health, safety and overall welfare.

3

12. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, the Defendant, STATE OF ILLINOIS, individually and through its agents and employees, knew that DONTRELL TAQUON MUNDINE-WILLIAMS was a detainee with a high risk of self-destructive behavior, including suicide.

13. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS was a detainee in the care, custody and control of the Defendant, STATE OF ILLINOIS, individually and through its agents and employees, with a high risk for self-destructive behavior including suicide.

14. Prior to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, had a known history of mental health issues.

15. Prior to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, was facing an extension of his time due to a rule violation.

16. On, before and after December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, the Defendant, STATE OF ILLINOIS, knew of DONTRELL TAQUON MUNDINE-WILLIAMS' history of mental health issues.

17. Prior to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, was placed in the crisis unit due to his mental health, and a risk of harm to himself and others.

18. Prior to December 1, 2017, and at all times relevant, the Defendant, STATE OF ILLINOIS, individually and through its agents and employees, knew of and should have known of DONTRELL TAQUON MUNDINE-WILLIAMS' risk of harm to himself and others.

19. Prior to December 1, 2017, and at all times relevant, the Defendant, STATE OF ILLINOIS, individually and through its agents and employees, transferred DONTRELL TAQUON

4

MUNDINE-WILLIAMS from the crisis unit, and placed him in a unit of lower level supervision and care and in segregation.

20. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, the Defendant, STATE OF ILLINOIS, individually and through its agents and employees, owed DONTRELL TAQUON MUNDINE-WILLIAMS a duty of care for his health, welfare, supervision, safety and care.

21. Prior to December 1, 2017, and prior to October 30, 2018, there have been two independent analyses and conclusions that the Defendant, STATE OF ILLINOIS deliberately indifferent to the needs of inmates and detainees.   This would include DONTRELL TAQUON MUNDINE-WILLIAMS.

22. On October 30, 2018, the District Court for the Central District of Illinois, found that Defendant, STATE OF ILLINOIS, have been deliberately indifferent to the needs of inmates and detainees including DONTRELL TAQUON MUNDINE-WILLIAMS.

23. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, the Defendant, STATE OF ILLINOIS, individually and through its agents and employees, notwithstanding the duties and obligations described above, committed one or more of the following acts of utter indifference and/or conscious disregard:

   a. failed to ensure that DONTRELL TAQUON MUNDINE-WILLIAMS remained in the crisis unit because he posed a risk of danger to himself and others;
   b. failed to ensure that DONTRELL TAQUON MUNDINE-WILLIAMS received care for his condition;
   c. failed to ensure that DONTRELL TAQUON MUNDINE-WILLIAMS was placed in a cell with a roommate that could alert prison staff if she was exhibiting behavior indicating a desire to harm himself;
   d. failed to ensure that previous judicially mandated directions be followed to provide for detainee safety and welfare;
   e. failed to ensure that sufficient staff be available to provide for detainee safety and welfare;

    f.  failed to monitor DONTRELL TAQUON MUNDINE-WILLIAMS;

    g.  failed to evaluate DONTRELL TAQUON MUNDINE-WILLIAMS;

    h.  deprived DONTRELL TAQUON MUNDINE-WILLIAMS of housing in a hospital or medical ward when it knew or should have known that he needed to be in a closely monitored medical environment;

    i.  failed to follow and/or have policies and procedures;

    j.  failed to determine that DONTRELL TAQUON MUNDINE-WILLIAMS was a high suicide risk;

    k.  failed to refer plaintiff's decedent for a mental health evaluation;

    l.  failed to follow-up to ensure that a mental health evaluation occurred on a timely basis;

    m.  took an incomplete and inaccurate history and evaluation; and

    n.  was otherwise deliberately indifferent.

24. As a proximate result of one or more of these actions/inactions, DONTRELL TAQUON MUNDINE-WILLIAMS caused himself injury and death on December 1, 2017.

25. As a proximate result of one or more of the aforesaid, DONTRELL TAQUON MUNDINE-WILLIAMS endured conscious pain and suffering, disability and disfigurement, prior to his death on December 1, 2017.

26. Plaintiff's decedent DONTRELL TAQUON MUNDINE-WILLIAMS leaves behind him:

    a.  a mother DONTRELL TAQUON MUNDINE-WILLIAMS; and

    b.  adult siblings, Jamartez Williams, Pravion Williams, Anthony Lee, Lamont Egains, and Nyoka Williams.

27. JEANETTA WILLIAMS is the duly appointed Independent Administrator to Collect for the Estate of DONTRELL TAQUON MUNDINE-WILLIAMS, deceased, and brings this action pursuant to the Illinois Wrongful Death Act, for the benefit of herself, and/or any other person entitled to claim damages under state law.

28. That had he survived, DONTRELL TAQUON MUNDINE-WILLIAMS would have been entitled to bring an action for the injuries he suffered and said action has survived him death, pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act.

29. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A". However, this action does not require a Section 2-622 affidavit. Even if it did, Plaintiff has made a request for the examination and copying or records, to which the Defendants has failed to comply and the statute of limitations against Defendants is approaching as to the date Plaintiff discovered that DONTRELL TAQUON MUNDINE-WILLIAMS death and injuries were wrongfully caused.

Wherefore, the JEANETTA WILLIAMS as Independent Administrator to Collect for the Estate of DONTRELL TAQUON MUNDINE-WILLIAMS, deceased, by and through her attorneys, POWER ROGERS & SMITH, LLP respectfully requests that this Court enter judgment in her favor and against STATE OF ILLINOIS, a body politic individually and through its agents and employees; ILLINOIS DEPARTMENT OF CORRECTIONS individually, through its agents and employees, and as a department, division, and/or government agency of the State of Illinois; and JOHN R. BALDWIN individually, as Director of the ILLINOIS DEPARTMENT OF CORRECTIONS individually, through the agents and employees of the Illinois Department of Corrections, for an amount in excess of $100,000.00 and for all other legal and equitable remedies available under law.

## COUNT II

1. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, the STATE OF ILLINOIS was a body politic organized under the constitutions of the Unites States of America and the State of Illinois.

7

2.  On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, the ILLINOIS DEPARTMENT OF CORRECTIONS was a department within the State of Illinois that is responsible for overseeing the management and operations of more than 35 Illinois state prisons, work camps, boot camps and transition centers as well as the supervision of parolees, including the Lawrence Correctional Center.

3.  On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, the ILLINOIS DEPARTMENT OF CORRECTIONS was a department within the State of Illinois that is responsible for the supervision, health, welfare and safety of individuals detained in the Lawrence Correctional Center including DONTRELL TAQUON MUNDINE-WILLIAMS.

4.  On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant JOHN R. BALDWIN was the Director of the Illinois Department of Corrections.

5.  On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, WEXFORD HEALTH SOURCES, INC., was a provider of medical and mental health services.

6.  On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, WEXFORD HEALTH SOURCES, INC., contracted with the DEFENDANT STATE OF ILLINOIS to provide of medical and mental health services to detainees and inmates in custody including DONTRELL TAQUON MUNDINE-WILLIAMS.

7.  On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, WEXFORD HEALTH SOURCES, INC. had a principle place of business in Pennsylvania and did regular and substantial business within Cook County Illinois.

8.  On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, had a date of birth of March 19, 1996, was

a resident domicile of Cook County Illinois and was being detained in Lawrence Correctional Center with an expected release date in February 2018.

9. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, JEANETTA WILLIAMS was the mother of DONTRELL TAQUON MUNDINE-WILLIAMS and was a resident of Cook County, Illinois.  On November 29, 2018, she was appointed as the Independent Administrator to Collect by the Circuit Court of Cook County Illinois.

10. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, detention began in May of 2017 due to a parole violation.

11. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS was under the actual care, custody and control of the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees.

12. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS was under the actual care, custody and control of the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, and therefore, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees were responsible for DONTRELL TAQUON MUNDINE-WILLIAMS'S health, safety and overall welfare.

13. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and

employees, knew that DONTRELL TAQUON MUNDINE-WILLIAMS was a detainee with a high risk of self-destructive behavior, including suicide.

14. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS was a detainee in the care, custody and control of the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, with a high risk for self-destructive behavior including suicide.

15. Prior to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, had a known history of mental health issues.

16. Prior to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, was facing an extension of his time due to a rule violation.

17. On, before and after December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, the Defendant, WEXFORD HEALTH SOURCES, INC., knew of DONTRELL TAQUON MUNDINE-WILLIAMS' history of mental health issues.

18. Prior to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, was placed in the crisis unit due to his mental health, and a risk of harm to himself and others.

19. Prior to December 1, 2017, and at all times relevant, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, knew of and should have known of DONTRELL TAQUON MUNDINE-WILLIAMS' risk of harm to himself and others.

20. Prior to December 1, 2017, and at all times relevant, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, transferred DONTRELL

TAQUON MUNDINE-WILLIAMS from the crisis unit, and placed him in a unit of lower level supervision and care and in segregation.

21. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, owed DONTRELL TAQUON MUNDINE-WILLIAMS a duty of care for his health, welfare, supervision, safety and care.

22. Prior to December 1, 2017, and prior to October 30, 2018, there have been two independent analyses and conclusions critical of the services provided by Defendant, WEXFORD HEALTH SOURCES, INC. to the needs of inmates and detainees.  This would include DONTRELL TAQUON MUNDINE-WILLIAMS.

23. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, notwithstanding the duties and obligations described above, committed one or more of the following acts of utter indifference and/or conscious disregard:

    a. failed to ensure that DONTRELL TAQUON MUNDINE-WILLIAMS remained in the crisis unit because he posed a risk of danger to himself and others;

    b. failed to ensure that DONTRELL TAQUON MUNDINE-WILLIAMS received care for his condition;

    c. failed to ensure that DONTRELL TAQUON MUNDINE-WILLIAMS was placed in a cell with a roommate that could alert prison staff if she was exhibiting behavior indicating a desire to harm himself;

    d. failed to ensure that previous judicially mandated directions be followed to provide for detainee safety and welfare;

    e. failed to ensure that sufficient staff be available to provide for detainee safety and welfare;

    f. failed to monitor DONTRELL TAQUON MUNDINE-WILLIAMS;

    g. failed to evaluate DONTRELL TAQUON MUNDINE-WILLIAMS;

    h. deprived DONTRELL TAQUON MUNDINE-WILLIAMS of housing in a hospital or medical ward when it knew or should have known that he needed to be in a closely monitored medical environment;

11

    i.    failed to follow and/or have policies and procedures;

    j.    failed to determine that DONTRELL TAQUON MUNDINE-WILLIAMS was a high suicide risk;

    k.    failed to refer plaintiff's decedent for a mental health evaluation;

    l.    failed to follow-up to ensure that a mental health evaluation occurred on a timely basis;

    m.    took an incomplete and inaccurate history and evaluation; and

    n.    was otherwise deliberately indifferent.

24. As a proximate result of one or more of these actions/inactions, DONTRELL TAQUON MUNDINE-WILLIAMS caused himself injury and death on December 1, 2017.

25. As a proximate result of one or more of the aforesaid, DONTRELL TAQUON MUNDINE-WILLIAMS endured conscious pain and suffering, disability and disfigurement, prior to his death on December 1, 2017.

26. Plaintiff's decedent DONTRELL TAQUON MUNDINE-WILLIAMS leaves behind him:

    a.    a mother DONTRELL TAQUON MUNDINE-WILLIAMS; and

    b.    adult siblings, Jamartez Williams, Pravion Williams, Anthony Lee, Lamont Egains, and Nyoka Williams.

27. JEANETTA WILLIAMS is the duly appointed Independent Administrator to Collect for the Estate of DONTRELL TAQUON MUNDINE-WILLIAMS, deceased, and brings this action pursuant to the Illinois Wrongful Death Act, for the benefit of herself, and/or any other person entitled to claim damages under state law.

28. That had he survived, DONTRELL TAQUON MUNDINE-WILLIAMS would have been entitled to bring an action for the injuries he suffered and said action has survived him death, pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act.

29. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A". However, this action does not require a Section 2-

622 affidavit. Even if it did, Plaintiff has made a request for the examination and copying or records, to which the Defendants has failed to comply and the statute of limitations against Defendants is approaching as to the date Plaintiff discovered that DONTRELL TAQUON MUNDINE-WILLIAMS death and injuries were wrongfully caused.

Wherefore, the JEANETTA WILLIAMS as Independent Administrator to Collect for the Estate of DONTRELL TAQUON MUNDINE-WILLIAMS, deceased, by and through her attorneys, POWER ROGERS & SMITH, LLP respectfully requests that this Court enter judgment in her favor and against WEXFORD HEALTH SOURCES, INC. individually and through its agents and employees, for an amount in excess of $100,000.00 and for all other legal and equitable remedies available under law.

## COUNT III

1. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, the STATE OF ILLINOIS was a body politic organized under the constitutions of the Unites States of America and the State of Illinois.

2. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, the ILLINOIS DEPARTMENT OF CORRECTIONS was a department within the State of Illinois that is responsible for overseeing the management and operations of more than 35 Illinois state prisons, work camps, boot camps and transition centers as well as the supervision of parolees, including the Lawrence Correctional Center.

3. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, the ILLINOIS DEPARTMENT OF CORRECTIONS was a department within the State of Illinois that is responsible for the supervision, health, welfare and safety of individuals detained

13

in the Lawrence Correctional Center including DONTRELL TAQUON MUNDINE-WILLIAMS.

4. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant JOHN R. BALDWIN was the Director of the Illinois Department of Corrections.

5. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, WEXFORD HEALTH SOURCES, INC., was a provider of medical and mental health services.

6. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, WEXFORD HEALTH SOURCES, INC., contracted with the DEFENDANT STATE OF ILLINOIS to provide of medical and mental health services to detainees and inmates in custody including DONTRELL TAQUON MUNDINE-WILLIAMS.

7. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, Defendant, WEXFORD HEALTH SOURCES, INC. had a principle place of business in Pennsylvania and did regular and substantial business within Cook County Illinois.

8. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, had a date of birth of March 19, 1996, was a resident domicile of Cook County Illinois and was being detained in Lawrence Correctional Center with an expected release date in February 2018.

9. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, JEANETTA WILLIAMS was the mother of DONTRELL TAQUON MUNDINE-WILLIAMS and was a resident of Cook County, Illinois.  On November 29, 2018, she was appointed as the Independent Administrator to Collect by the Circuit Court of Cook County Illinois.

10. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, detention began in May of 2017 due to a parole violation.

11. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS was under the actual care, custody and control of the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees.

12. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS was under the actual care, custody and control of the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, and therefore, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees were responsible for DONTRELL TAQUON MUNDINE-WILLIAMS'S health, safety and overall welfare.

13. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, knew that DONTRELL TAQUON MUNDINE-WILLIAMS was a detainee with a high risk of self-destructive behavior, including suicide.

14. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS was a detainee in the care, custody and control of the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, with a high risk for self-destructive behavior including suicide.

15. Prior to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, had a known history of mental health issues.

15

16. Prior to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, was facing an extension of his time due to a rule violation.

17. On, before and after December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, the Defendant, WEXFORD HEALTH SOURCES, INC., knew of DONTRELL TAQUON MUNDINE-WILLIAMS' history of mental health issues.

18. Prior to December 1, 2017, and at all times relevant, DONTRELL TAQUON MUNDINE-WILLIAMS, was placed in the crisis unit due to his mental health, and a risk of harm to himself and others.

19. Prior to December 1, 2017, and at all times relevant, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, knew of and should have known of DONTRELL TAQUON MUNDINE-WILLIAMS' risk of harm to himself and others.

20. Prior to December 1, 2017, and at all times relevant, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, transferred DONTRELL TAQUON MUNDINE-WILLIAMS from the crisis unit, and placed him in a unit of lower level supervision and care and in segregation.

21. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, owed DONTRELL TAQUON MUNDINE-WILLIAMS a duty of care for his health, welfare, supervision, safety and care.

22. Prior to December 1, 2017, and prior to October 30, 2018, there have been two independent analyses and conclusions critical of the services provided by Defendant, WEXFORD HEALTH SOURCES, INC. to the needs of inmates and detainees.  This would include DONTRELL TAQUON MUNDINE-WILLIAMS.

23. On, before and through May 1, 2017 to December 1, 2017, and at all times relevant, the Defendant, WEXFORD HEALTH SOURCES, INC., individually and through its agents and employees, notwithstanding the duties and obligations described above, committed one or more of the following acts of negligence:

    a. failed to ensure that DONTRELL TAQUON MUNDINE-WILLIAMS remained in the crisis unit because he posed a risk of danger to himself and others;

    b. failed to ensure that DONTRELL TAQUON MUNDINE-WILLIAMS received care for his condition;

    c. failed to ensure that DONTRELL TAQUON MUNDINE-WILLIAMS was placed in a cell with a roommate that could alert prison staff if she was exhibiting behavior indicating a desire to harm himself;

    d. failed to ensure that previous judicially mandated directions be followed to provide for detainee safety and welfare;

    e. failed to ensure that sufficient staff be available to provide for detainee safety and welfare;

    f. failed to monitor DONTRELL TAQUON MUNDINE-WILLIAMS;

    g. failed to evaluate DONTRELL TAQUON MUNDINE-WILLIAMS;

    h. deprived DONTRELL TAQUON MUNDINE-WILLIAMS of housing in a hospital or medical ward when it knew or should have known that he needed to be in a closely monitored medical environment;

    i. failed to follow and/or have policies and procedures;

    j. failed to determine that DONTRELL TAQUON MUNDINE-WILLIAMS was a high suicide risk;

    k. failed to refer plaintiff's decedent for a mental health evaluation;

    l. failed to follow-up to ensure that a mental health evaluation occurred on a timely basis;

    m. took an incomplete and inaccurate history and evaluation; and

    n. was otherwise negligent.

24. As a proximate result of one or more of these actions/inactions, DONTRELL TAQUON MUNDINE-WILLIAMS caused himself injury and death on December 1, 2017.

17

25. As a proximate result of one or more of the aforesaid, DONTRELL TAQUON MUNDINE-WILLIAMS endured conscious pain and suffering, disability and disfigurement, prior to his death on December 1, 2017.

26. Plaintiff's decedent DONTRELL TAQUON MUNDINE-WILLIAMS leaves behind him:

    a.   a mother DONTRELL TAQUON MUNDINE-WILLIAMS; and

    b.   adult siblings, Jamartez Williams, Pravion Williams, Anthony Lee, Lamont Egains, and Nyoka Williams.

27. JEANETTA WILLIAMS is the duly appointed Independent Administrator to Collect for the Estate of DONTRELL TAQUON MUNDINE-WILLIAMS, deceased, and brings this action pursuant to the Illinois Wrongful Death Act, for the benefit of herself, and/or any other person entitled to claim damages under state law.

28. That had he survived, DONTRELL TAQUON MUNDINE-WILLIAMS would have been entitled to bring an action for the injuries he suffered and said action has survived him death, pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act.

29. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A". However, this action does not require a Section 2-622 affidavit. Even if it did, Plaintiff has made a request for the examination and copying or records, to which the Defendants has failed to comply and the statute of limitations against Defendants is approaching as to the date Plaintiff discovered that DONTRELL TAQUON MUNDINE-WILLIAMS death and injuries were wrongfully caused.

Wherefore, the JEANETTA WILLIAMS as Independent Administrator to Collect for the Estate of DONTRELL TAQUON MUNDINE-WILLIAMS, deceased, by and through her attorneys, POWER ROGERS & SMITH, LLP respectfully requests that this Court enter judgment

in her favor and against WEXFORD HEALTH SOURCES, INC. individually and through its agents and employees, for an amount in excess of $100,000.00 and for all other legal and equitable remedies available under law.

POWER ROGERS & SMITH, LLP

By:   s/Brian LaCien_____
      Attorney for Plaintiff

Brian LaCien
POWER ROGERS & SMITH, LLP
70 West Madison Street, 55th Floor
Chicago, IL 60602
(312)-236-9381
31444
Blacien@prslaw.com

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JEANETTA WILLIAMS, as Independent Administrator to Collect for the Estate of DONTRELL TAQUON MUNDINE-WILLIAMS, deceased,        )<br>)<br>)<br>)<br>Claimant,    )<br>)<br>v.    )<br>)<br>STATE OF ILLINOIS, a body politic Individually and through its agents and employees; ILLINOIS DEPARTMENT OF CORRECTIONS individually, through its agents and employees, and as a department, division, and/or government agency of the State of Illinois; and JOHN R. BALDWIN individually, as Director of the ILLINOIS DEPARTMENT OF CORRECTIONS individually, through the agents and employees of the Illinois Department of Corrections; WEXFORD HEALTH SOURCES, INC. individually and through its agents and employees;    )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants.    ) | No. |

## <u>AFFIDAVIT</u>

Affiant, BRAN LACIEN, on behalf of Plaintiff, JEANETTA WILLIAMS, as Indepndent Administrator to Collect for the Estate of DONTRELL WILLIAMS, Deceased, pursuant to 735 ILCS 5/2-622(a)(2) and (3), and being first duly sworn on oath, deposes and states:

     (a)    That this Affiant was unable to obtain a consultation by a qualified health professional prior to filing this action because the statute of limitations may impair the action and the consultation required under 735 ILCS 5/2-622(a)(1) could not be obtained before the expiration of the statute of limitations.

(b)     That a Request has been made by the plaintiff for examination and copying of records pursuant to Part 20 of Article VIII of this Code and the party required to comply under those Sections has failed to produce such records within 60 days of the receipt of this request.

(b)     That the Certificate and Written Report required by paragraph 1 shall be filed within 90 days following receipt of the required records.  All defendants except those whose failure to comply with Part 20 of Article VIII of this Code is the basis for an affidavit under this paragraph shall be excused from answering or otherwise pleading until 30 days after being served with the certificate required by paragraph 1.

Further Affiant sayeth not.

_____
Brian LaCien

SUBSCRIBED AND SWORN to before me
this _____ day of _____ 2018.

_____
NOTARY PUBLIC

DONNA L SYMANSKI
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 13, 2020

Brian LaCien
POWER, ROGERS & SMITH, LLP #31444
70 West Madison Street
55th Floor
Chicago, IL 60602-4212
blacien@prslaw.com
T: 312/236-9381
F: 312-236-0920

2

DANNY L. GRANSKI
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 13, 2020