IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEANETTA WILLIAMS, ) | |
| as Independent Administrator for the ) | |
| Estate of Dontrell Taquon Mundine- ) | |
| Williams, deceased ) | |
| ) | Case No. 3:19-CV-739-MAB |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STATE OF ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff's motion to file certain exhibits under seal (Doc. 176) and Defendants' responses (Docs. 177, 178).

"Secrecy in judicial proceedings is disfavored." *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). *See also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret . . . .").

The following are the exhibits Plaintiff wishes to file under seal in connection with her responses to Defendants' motions for summary judgment and Daubert motions:

- Docs. 171-2 through 171-5, designated as Plaintiff's Exhibit B, which is the deposition transcript and exhibits for Wexford's expert witness Dr. Michael Jarvis
- Doc. 171-7, designated as Plaintiff's Exhibit D, which is the deposition transcript and exhibits for Wexford's corporate representative Dr. Christian Gillespie
- Doc. 172-1 through 172-5, designated as Plaintiff's Exhibit XX, which is the IDOC Internal Affairs Investigation Report regarding Dontrell Williams' death and the exhibits to the report
- Doc. 172-6, designated as Plaintiff's Exhibit BBB, which is a selection of records produced by IDOC
- Doc. 172-7, designated as Plaintiff's Exhibit KKK, which is Wexford's Death Summary for Dontrell Williams
- Doc. 174-1, designated as Plaintiff's Exhibit Z, which is a selection of Dontrell Williams' mental health records from Hartgrove Hospital
- Doc. 174-2, designated as Plaintiff's Exhibit BB, which is a selection of records produced by the Attorney General

**Doc. 172-1 through 172-5—Plaintiff's Exhibit XX—IDOC Investigation Report**

All Defendants ask that this exhibit remain sealed (Docs. 177, 178). It contains sensitive and graphic information regarding Dontrell's death and medical condition(s), including but not limited photographs of his deceased body. It also contains personal information as to other inmates and prison staff who are not parties to this action, including statements, investigational findings, and recommendations of discipline (Doc. 178). Disclosure of this information could pose privacy concerns for the individuals as well as safety and security issues for the individuals and the Illinois Department of Corrections. Consequently, Docs. 172-1 through 172-5 shall remain sealed.

**Doc. 172-7—Plaintiff's Exhibit KKK—Wexford Death Summary for Dontrell Williams**

Wexford asks that this exhibit remain sealed because it contains sensitive information about Dontrell's death and condition (Doc. 177). However, a review of this document reveals that it is nowhere near as extensive as the IDOC's Investigation Report. Wexford's report is only two pages and contains the briefest of summaries about Dontrell's medical and mental health during his six-months of incarceration in 2017 as well as a one-paragraph generic description of the events of December 1, 2017 when his body was found. It seems that all of the information within the report is also contained within the unsealed medical and mental health records that were filed by Defendants, with the exception of the paragraph about Dontrell's death. While this information is admittedly sensitive, the Court believes it is necessary and important to have at least one unsealed medical record describing the death that is at the center of this lawsuit. For that reason, the motion to seal is denied as to Doc. 172-7.

**Docs. 171-2 through 171-5—Plaintiff's Exhibit B—Deposition of Dr. Michael Jarvis**

Plaintiff did not provide any explanation as to why this deposition transcript needs to remain sealed (*see* Doc. 176). Notably, neither did Wexford (*see* Doc. 177), who presumably is the party that designated it as confidential in the first place. The Court also notes that Dr. Jarvis's report was submitted as an unsealed exhibit (Doc. 142-4). Consequently, secrecy is not warranted for Dr. Jarvis's deposition transcript. The Court notes, however, that Plaintiff did not just submit the deposition transcript (Doc. 171-2, pp. 1–177); she also submitted all of the exhibits used during Dr. Jarvis's deposition, which total some 1,350 pages (Doc. 171-2, pp. 178–682, Docs. 171-3, 171-4, 171-5). The

exhibits include the aforementioned IDOC Investigation Report, which is to remain under seal, and hundreds of other pages that the Court has not and will not parse through to determine if confidentiality is warranted. Instead, the Court will leave Docs. 171-2 through 171-5 under seal and Plaintiff shall file an unsealed version of *only* Dr. Jarvis's deposition transcript.

### Doc. 171-7 — Plaintiff's Exhibit D — Deposition of Dr. Christian Gillespie

The same analysis regarding Exhibit B is also applicable here. Neither side provided any reason as to why this deposition transcript needs to remain sealed (*see* Docs. 176, 177, 178), and portions of Dr. Gillespie's deposition transcript were submitted by Wexford as an unsealed exhibit (Doc. 141-4). Consequently, the Court concludes secrecy is not warranted for Dr. Gillespie's deposition transcript. However, given that the exhibit as submitted by Plaintiff contains both the deposition transcript (pp. 1–69) as well as all of the exhibits used during the deposition (Doc. 70-526), the Court will leave Doc. 171-7 sealed and Plaintiff shall file an unsealed version of *only* Dr. Gillespie's deposition transcript.

### Doc. 172-6 — Plaintiff's Exhibit BBB — selection of records from IDOC

Neither side provided any reason as to why these records should remain under seal (*see* Docs. 176, 177, 178). The overwhelming majority of these records are also contained in the unsealed exhibits submitted by Wexford and the IDOC (*see, e.g.,* Docs. 141-5, 144-7, 144-8, 144-14, 144-15). From what the Court could see, there were maybe a couple dozen pages in Plaintiff's exhibit that are potentially new. They are medical mental health records kept during the course of Dontrell's incarceration. There does not

appear to be anything different or more sensitive about these records than the unsealed records submitted by Defendants. Furthermore, the information contained within these records is central to Plaintiff's claims. Consequently, Plaintiff's motion is denied as to Doc. 172-6.

**Doc. 174-2—Plaintiff's Exhibit BB—selection of records from Attorney General**

The same analysis applies here. Plaintiff's motion is denied as to Doc. 174-2.

**Doc. 174-1—Plaintiff's Exhibit Z—mental health records from Hartgrove Hospital**

Neither side provided any explanation as to why this exhibit should remain under seal (*see* Docs. 176, 177, 178). But the court notes that it contains personal and mental health information about Dontrell when he was a minor. This information is only relevant to establish that Dontrell had a documented history of mental health issues and do not bear directly on the claims brought in the case in any significant way. Consequently, given the content of the information, the Court will keep Doc. 174-1 under seal.

CONCLUSION

Plaintiff's motion to file certain exhibits under seal (Doc. 176) is **GRANTED in part and DENIED in part.** It is granted as to Docs. 172-1 through 172-5, Docs. 171-2 through 171-5, Doc. 171-7, and Doc. 174-1.

It is denied as to Doc. 172-6, Doc. 172-7, and Doc. 174-2. The Clerk of Court is **DIRECTED** to unseal these three exhibits.

Plaintiff shall file an unsealed version of Dr. Jarvis and Dr. Gillespie's deposition transcripts (without the corresponding exhibits) as soon as practicable.

IT IS SO ORDERED.

DATED: September 30, 2022

                                            **/s/ Mark A. Beatty**
                                            **MARK A. BEATTY**
                                            **United States Magistrate Judge**